1  J. COLBY WILLIAMS, ESQ (5549)
   jcw@cwlawlv.com
2  CAMPBELL & WILLIAMS
3  710 South Seventh Street
   Las Vegas, Nevada 89101
4  Telephone: (702) 382-5222
   Facsimile: (702) 382-0540
5

6  JASON P. BLOOM, ESQ.
   (*pro hac vice forthcoming*) (TX Bar No. 24045511)
7  jason.bloom@haynesboone.com
   HAYNES AND BOONE, LLP
8  2801 N. Harwood Street, Suite 2300
   Dallas, TX 75201
9  Telephone: (214) 651-5000
   Facsimile: (214) 651-5940
10

11 JASON W. WHITNEY, ESQ.
   (*pro hac vice forthcoming*) (TX Bar No. 24066288)
12 jason.whitney@haynesboone.com
   HAYNES AND BOONE, LLP
13 112 East Pecan Street, Suite 1200
   San Antonio, Texas 78205
14 Telephone: (210) 978-7000
   Facsimile: (210) 978-7450
15

16 *Attorneys for BuzzBallz, LLC*
17

18                **UNITED STATES DISTRICT COURT**

19                      **DISTRICT OF NEVADA**

20 | BUZZBALLZ, LLC,                    | ) Case No.:
21 |         Plaintiff,                  | ) **COMPLAINT FOR PATENT INFRINGEMENT**
22 |     vs.                             | )
23 | MPL BRANDS NV, INC. d/b/a           | ) **JURY TRIAL DEMANDED**
   | PATCO BRANDS,                       | )
24 |                                     | )
   |         Defendant.                  | )
25

26
27
28

**COMPLAINT**

Plaintiff BuzzBallz, LLC files this Original Complaint against Defendant MPL Brands NV, Inc. d/b/a Patco Brands for infringement of U.S. Patent No. 11,932,441 (the "'441 Patent"), and in support thereof states as follows:

## PARTIES

1. Plaintiff BuzzBallz, LLC ("BuzzBallz") is a limited liability company duly organized under the laws of the State of Texas with its principal place of business in Dallas County, Texas.

2. Defendant MPL Brands NV, Inc. d/b/a Patco Brands ("Defendant") is a corporation organized under the laws of Nevada with its principal place of business at 71 Liberty Ship Way, Sausalito, CA 94965. Defendant may be served through its registered agent, National Registered Agents, Inc. at 701 S. Carson St., Suite 200, Carson City, Nevada, 89701.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

4. This court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Nevada, maintains a registered agent in the State of Nevada, and has committed acts of patent infringement of the '441 Patent in the State of Nevada.

5. Venue in this district is proper under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b) because Defendant resides in the district and has committed acts of infringement in this district.

## FACTUAL ALLEGATIONS

### BuzzBallz's Invention and the '441 Patent

6. BuzzBallz is a woman-owned business that sells a variety of ready-to-drink alcoholic beverages in unique containers.

7. The concept for BuzzBallz was conceived in the mid-2000s by its

founder, Merrilee Kick—at the time, a high school teacher—who was looking for a convenient way to sip a cocktail on a hot summer day. After years of industry research and a substantial financial investment, BuzzBallz was founded in July 2009.

8. Although BuzzBallz was founded in and is based in Texas, BuzzBallz has grown substantially since its founding, now selling products in all 50 U.S. states and internationally. BuzzBallz-branded alcoholic beverages have become the number one ready-to-drink, single-serve cocktails in the United States. BuzzBallz sells approximately 5 million cases (equating to approximately 120 million BuzzBallz beverages) annually, generating tens of millions of dollars in annual sales.

9. BuzzBallz's products, which are sold in retail stores and online, including at www.buzzballz.com, consist of high-quality, pre-mixed alcoholic beverages made from real juices and premium ingredients.

10. BuzzBallz's alcoholic beverages are sold in unique, truncated, round, plastic resin containers with aluminum pop-top lids, and BuzzBallz has obtained multiple patents relating to its innovative container designs.

11. On March 19, 2024, the United States Patent and Trademark Office duly and legally issued the '441 Patent to inventor Merrilee Kick. A true and correct copy of the '441 Patent is attached hereto as **Exhibit A** and is incorporated herein by reference in its entirety.

12. Effective March 20, 2024, Kick assigned all right, title, and interest in the '441 Patent to BuzzBallz, including, without limitation, the right to sue for, recover damages and relief for, settle, or release any past, present, or future infringement or misappropriation of the '441 Patent.

13. The '441 Patent relates to containers and more particularly to a container having a body which may be formed from plastic and a lid which may be formed from metal.

14. The '441 Patent contains twenty claims directed towards containers. For example, Claim 1 recites:

1. A container, comprising:

    a container body, the container body defining a first opening to an interior of the container body; and

    a lid connected to the container body and covering the first opening to the interior of the container body;

    wherein the container body is made out of a resin;

    wherein the lid is made out of a metal;

    wherein the container body comprises a container side wall and a base portion connected to the container side wall;

    wherein the base portion comprises a bottom and a first depression formed therein, the first depression extending upwardly from the bottom;

    wherein the first depression at least partially defines a first outline;

    wherein the base portion further comprises a center element centered with respect to the first outline at least partially defined by the first depression;

    wherein each of the center element, and the first outline at least partially defined by the first depression, is centered with respect to the container side wall;

    wherein each of the center element, and the first outline at least partially defined by the first depression, is centered with respect to the base portion;

    wherein a cross-sectional diameter of the first opening to the interior of the container body is less than a cross-sectional diameter of a middle portion of the container side wall;

|   |   |
|---|---|
| 1 | wherein the base portion defines a diameter that is less than the |
| 2 | cross-sectional diameter of the middle portion of the container side |
| 3 | wall; |
| 4 | wherein a lower portion of the container side wall extends |
| 5 | downwardly from the middle portion of the container side wall to the |
| 6 | base portion of the container body, the lower portion along its entirety |
| 7 | being greater in diameter than the base portion, including the bottom, |
| 8 | thereby rendering the container body stemless; |
| 9 | wherein the container body further comprises a circular neck |
| 10 | extending from the container side wall so that the container side wall |
| 11 | extends between the circular neck and the base portion; |
| 12 | wherein an upper edge of the container side wall is adjacent to |
| 13 | the circular neck of the container body; |
| 14 | wherein the container body further comprises a lip at an end of |
| 15 | the circular neck opposite the upper edge of the container side wall; |
| 16 | wherein the circular neck is adjacent to the lip; |
| 17 | wherein a first portion of the lid is above the lip of the container |
| 18 | body; |
| 19 | wherein the first portion of the lid defines a first circular shape; |
| 20 | wherein the first portion of the lid further defines a second |
| 21 | circular shape around which the first circular shape circumferentially |
| 22 | extends; |
| 23 | wherein the second circular shape defined by the first portion of |
| 24 | the lid is concentric with the first circular shape defined by the first |
| 25 | portion of the lid; |
| 26 | wherein the first circular shape defined by the first portion of the |
| 27 | lid is radially positioned between the container side wall and the second |
| 28 | circular shape defined by the first portion of the lid; |

1  wherein a second portion of the lid extends horizontally and is
2  positioned so that the second circular shape is radially positioned
3  between the second portion of the lid and the first circular shape;
4  wherein the second portion of the lid defines a total area across
5  which the second portion of the lid extends horizontally;
6  wherein the second portion of the lid comprises a weakened or
7  scored area;
8  wherein the weakened or scored area is less than the total area
9  across which the second portion of the lid extends horizontally;
10  wherein the lid further comprises an arm connected to the second
11  portion of the lid and radially positioned within the second circular
12  shape;
13  wherein the arm comprises opposing first and second end
14  portions;
15  wherein the arm is pivotable from a first position, in which the
16  arm extends horizontally and the weakened or scored area is not
17  deformed, to a second position, in which the arm does not extend
18  horizontally and the weakened or scored area is deformed to provide a
19  second opening to the interior of the container body;
20  wherein an upper portion of the container side wall extends
21  upwardly from the middle portion of the container side wall to the
22  upper edge of the container side wall, the upper portion along its
23  entirety being greater in diameter than the first opening to the interior of
24  the container body;
25  wherein the container body contains a liquid therewithin;
26  wherein the lid cooperates with the lip to provide a seal so that
27  the liquid contained within the container body is sealed against leaking
28  out from between the container body and the lid;

wherein, when the arm of the lid is in the first position and the weakened or scored area is not deformed:

the first end portion of the arm is not positioned above the weakened or scored area of the second portion of the lid; and

at least a portion of the second end portion of the arm is positioned above the weakened or scored area of the second portion of the lid;

wherein the container side wall extends between the circular neck and the base portion so that:

the upper portion of the container side wall defines a first angle:

between the upper portion of the container side wall and the bottom of the base portion, and

with respect to the bottom of the base portion;

the middle portion of the container side wall defines a second angle:

between the middle portion of the container side wall and the bottom of the base portion, and

with respect to the bottom of the base portion;

the lower portion of the container side wall defines a third angle:

between the lower portion of the container side wall and the bottom of the base portion, and

with respect to the bottom of the base portion;

the first angle is an acute angle;

the third angle is an obtuse angle;

the second angle is greater than the first angle; and

the third angle is greater than the second angle;

and

wherein the interior of the container body extends continuously across

the cross-sectional diameter of the middle portion at a height midway between the circular neck and the base portion so as to be interrupted, if at all, only by the liquid contained within the container body.

**Defendant's Infringement of the '441 Patent**

15. Like BuzzBallz, Defendant produces ready-to-drink alcoholic cocktails in truncated, round, plastic containers with aluminum pop-top lids. In the fourth quarter of 2022, Defendant began marketing and selling its products under the name "Big Sipz."

16. Examples of Defendant's Big Sipz products are shown below:

   

17. The container of Defendant's Big Sipz products infringes at least Claim 1 of the '441 Patent, as illustrated in the exemplary chart attached hereto as **Exhibit B**.

18. The container of Defendant's Big Sipz products infringes at least Claim 1 of the '441 Patent because it includes all of the recited elements in Claim 1.

19. For example, the container of Defendant's Big Sipz products comprises a container body and lid having the features, structural elements, and materials as recited in Claim 1.

20. Accordingly, Defendant's Big Sipz products embody and practice all the elements of—and therefore infringe—at least one claim of the '441 Patent, Claim 1, either literally or under the doctrine of equivalents.

# FIRST CLAIM FOR RELIEF

### Defendant's Direct Infringement of the '441 Patent

21. The foregoing paragraphs are incorporated by reference as if fully restated herein.

22. The '441 Patent is a valid, enforceable, and patent-eligible patent that was duly issued by the USPTO. *See* **Exhibit A.**

23. BuzzBallz is the assignee of the '441 Patent, with full rights to pursue recovery of damages for infringement, including reasonable royalties and past and future damages.

24. Defendant is directly infringing the '441 Patent by making, using, offering to sell, selling, or importing into the United States products, including the Big Sipz products, that practice one or more claims of the '441 Patent, including, but not limited to, Claim 1.

25. Defendant has infringed and continues to infringe, either literally or under the doctrine of equivalents, at least Claim 1 of the '441 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, or importing into the United States Defendant's Big Sipz products.

26. As a result of Defendant's unlawful infringement of the '441 Patent, BuzzBallz has suffered and will continue to suffer damages. BuzzBallz is entitled to recover from Defendant compensation and monetary relief to the fullest extent allowed by law, but in no case less than a reasonable royalty.

27. Defendant has possessed actual knowledge of the '441 Patent and infringement of at least Claim 1 by the Big Sipz products at least since Defendant was served a copy of this Complaint, such that Defendant's continued infringement thereafter is willful. Any making, using, offering to sell, selling, or importing by Defendant of the Big Sipz products subsequent to the date Defendant was served a copy of this Complaint has been, and continues to be, willful, knowing, and intentional.

28. This case is an exceptional case under 35 U.S.C. § 285. BuzzBallz is entitled to treble damages and attorney's fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

29. Defendant has caused, and unless restrained and enjoined, will continue to cause irreparable injury and damage to Plaintiff for which there is no adequate remedy at law. Unless enjoined by this Court, Defendant will continue to infringe the '441 Patent.

## REQUEST FOR INJUNCTIVE RELIEF

30. The foregoing paragraphs are incorporated by reference as if fully restated herein.

31. Defendant has violated 35 U.S.C. § 271(a) and committed patent infringement under federal law, and BuzzBallz is therefore entitled to injunctive relief under 35 U.S.C. § 283.

32. BuzzBallz requests that the Court issue preliminary and permanent injunctive relief enjoining Defendant and its officers, directors, agents, employees, successors, assigns and attorneys, and all other persons and entities in active concert or participation with Defendant who receive notice of the injunction, from doing, aiding, causing, or abetting Defendant's making, using, offering to sell, selling, or importing into the United States any product covered by the '441 Patent for the full term thereof.

33. BuzzBallz will suffer immediate and irreparable damage, injury, and harm for which there is no adequate remedy at law if Defendant is not immediately and permanently enjoined from the conduct listed above.

34. Public policy favors the protection of intellectual property rights, and any injunctive relief granted herein will therefore be in accordance with public policy.

35. The potential damage to BuzzBallz if the injunctive relief requested herein is not granted far outweighs any harm that Defendant will suffer

as a result of the injunctive relief requested. Immediate and permanent injunctive relief is therefore appropriate.

## DEMAND FOR JURY TRIAL

36.  BuzzBallz hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, BuzzBallz requests that the Court enter judgment in its favor and against Defendant as follows:

1.  Granting the injunctive relief requested above;

2.  Ordering Defendant to file with the Court and serve upon counsel for BuzzBallz within thirty (30) days after the entry of the injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.  Finding that Defendant has directly infringed the '441 Patent;

4.  Awarding BuzzBallz all available damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the '441 Patent, up until the date judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 to adequately compensate BuzzBallz for Defendant's infringement;

5.  Finding that Defendant's infringement of the '441 Patent has been willful and deliberate;

6.  Awarding BuzzBallz treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the '441 Patent;

7.  Finding this case is exceptional within the meaning of 35 U.S.C. § 285;

8.  Awarding BuzzBallz its attorneys' fees, costs, and expenses incurred in prosecuting this action; and

9.  Awarding BuzzBallz all such further relief at law or in equity to

which it may be justly entitled.

DATED: March 20, 2024					CAMPBELL & WILLIAMS

By: /s/ *J. Colby Williams*
    J. COLBY WILLIAMS, ESQ. (5549)
    PHILIP R. ERWIN, ESQ. (11563)
    710 South Seventh Street
    Las Vegas, Nevada 89101

    HAYNES AND BOONE, LLP
    JASON P. BLOOM, ESQ.
    (*pro hac vice forthcoming*) (TX Bar No. 24045511)
    jason.bloom@haynesboone.com
    HAYNES AND BOONE, LLP
    2801 N. Harwood Street, Suite 2300
    Dallas, TX 75201
    Telephone: (214) 651-5000
    Facsimile: (214) 651-5940

    JASON W. WHITNEY, ESQ.
    (*pro hac vice forthcoming*) (TX Bar No. 24066288)
    jason.whitney@haynesboone.com
    HAYNES AND BOONE, LLP
    112 East Pecan Street, Suite 1200
    San Antonio, Texas 78205
    Telephone: (210) 978-7000
    Facsimile: (210) 978-7450

    *Attorneys for BuzzBallz, LLC*

**Index of Exhibits:**
  A. U.S. Patent No. 11,932,441 [Pages 1-16]
  B. Claim Chart for U.S. Patent No. 11,932,441 [Pages 17-30]

**COMPLAINT**