J. COLBY WILLIAMS, ESQ (5549)
jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

JASON P. BLOOM, ESQ.
(*pro hac vice*) (TX Bar No. 24045511)
jason.bloom@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood Street, Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

JASON W. WHITNEY, ESQ.
(*pro hac vice*) (TX Bar No. 24066288)
jason.whitney@haynesboone.com
HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205
Telephone: (210) 978-7000
Facsimile: (210) 978-7450

*Attorneys for Plaintiff BuzzBallz, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BUZZBALLZ, LLC, | Case No.: 2:24-cv-00548-JAD-BNW |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT** |
| vs. | |
| MPL BRANDS NV, INC. d/b/a PATCO BRANDS, | |
| Defendant. | |

Plaintiff BuzzBallz, LLC ("BuzzBallz") files this Opposition to Defendant's Motion for Leave to Supplement Motion for Transfer Venue for Convenience Under 28 U.S.C. § 1404(a).

## I. INTRODUCTION

Supplementation is discouraged in this district, and supplemental authorities are generally allowed only when the authority is found to be controlling, precedential, or particularly helpful. Here, Defendant MPL Brands NV, Inc., d/b/a Patco Brands ("Patco") seeks to supplement its Motion to Transfer briefing with an Order from the United States District Court for the Western District of Texas transferring another case between the parties from the Western District of Texas to the Northern District of California. *BuzzBallz, LLC v. MPL Brands NV, Inc. d/b/a Patco Brands*, No. 1:23-cv-01115-RP, ECF No. 34 (W.D. Tex., July 2, 2024) (the "Texas Order"). However, the Texas Order does not control the outcome of Patco's Motion to Transfer in this action, it is not a precedential decision, and it is not particularly persuasive or helpful, including because the Texas action involved distinct legal claims (trademark and trade dress claims) and different circumstances (including neither party residing in the Western District of Texas) than are at issue in this action. As such, Patco fails to establish good cause for supplementation, and the request to supplement should be denied.

## II. LEGAL STANDARD

Supplemental briefing and evidence are disfavored in the District of Nevada. *See, e.g.*, Local Rule 7-2(b) (noting that surreplies "are discouraged"); Local Rule 7-2(g) (prohibiting supplementation without leave). Accordingly, prior non-binding decisions in this district have found good cause to permit supplemental authorities only in limited circumstances. Those decision hold that, under Local Rule 7-2(g), "[g]ood cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Urb. Outfitters, Inc. v. Dermody Operating Co.*, LLC, 572 F. Supp. 3d 977, 984 (D. Nev. 2021) (quoting *Alps Prop. & Casualty Ins. C. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (citing *Hunt v. Washoe Cnty. Sch. Dist.*, 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019))).

### III. ARGUMENT

Patco demonstrates no reason to deviate from the prior non-binding decisions in this district and allow the Texas Order as a supplemental authority.

As an initial matter, the primary authority that Patco relies on, *Ra Se. Land Co. LLC v. First Am. Title Ins. Co.*, 2016 WL 4591740 (D. Nev. Sept. 2, 2016), is inapposite because it concerns the supplementation of evidence, not legal authorities. *Id.* at *2 (permitting supplementation with "deposition testimony").

Under the above-cited decisions concerning supplemental authorities, Patco's request to supplement should be denied. The Texas Order from the United States District Court for the Western District of Texas is neither controlling nor precedential in this district, and Patco does not suggest otherwise. Moreover, the Texas Order is of limited relevance and will not aid the court in deciding Patco's Motion to Transfer in this case because the Texas action involved different legal and factual circumstances. For example, the Texas case asserted distinct legal claims—trademark infringement, trade dress infringement, and unfair competition—from the patent infringement claim at issue here. Additionally, unlike the Texas case, one of the parties here—Patco—actually resides in the district from which it is seeking a transfer. The lack of any party residing in the Western District of Teas seemed to weigh heavily in the court's analysis in the Texas Order. *See* ECF No. 32-2, at 7-9, 13-14. At best, Patco appears to want to use the Texas Order merely to rehash arguments that were already presented in its original Motion to Transfer, which is insufficient to establish good cause to supplement. *See Greer v. Freemantle Productions*, 622 F. Supp. 3d 1010, 1015 (D. Nev. 2022) (finding a supplemental filing that merely restates prior arguments insufficient to establish good cause).

For these reasons, Patco has not established good cause for supplementation and its request should be denied.

DATED July 12, 2024

HAYNES AND BOONE, LLP

By: /s/ *Jason W. Whitney*

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS, ESQ. (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

HAYNES AND BOONE, LLP
JASON P. BLOOM, ESQ. (*pro hac vice*)
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
JASON W. WHITNEY, ESQ. (*pro hac vice*)
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205

*Attorneys for Plaintiff BuzzBallz, LLC*